19-3842
*Sherpa v. Garland*

BIA
Laforest, IJ
A206 631 444

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of March, two thousand twenty-two.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> WILLIAM J. NARDINI,
> EUNICE C. LEE,
> *Circuit Judges*.

_____

PASANG SHERPA,

> *Petitioner*,

v.                                                                 19-3842
                                                                    NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,

> *Respondent*.

_____

For Petitioner:         Gary J. Yerman, Esq., New York, NY.

For Respondent:         Ethan P. Davis, Acting Assistant Attorney General; John S. Hogan, Assistant Director; Andrea N. Gevas, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

1

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration ("BIA") decision, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioner Pasang Sherpa ("Sherpa"), a native and citizen of Nepal, seeks review of an October 22, 2019 decision of the BIA that affirmed a March 6, 2018 decision of an Immigration Judge ("IJ"), denying asylum, withholding of removal under the Immigration and Nationality Act ("INA"), and relief under the Convention Against Torture ("CAT"). *In re Pasang Sherpa*, No. A206 631 444 (B.I.A. Oct. 22, 2019), *aff'g* No. A206 631 444 (Immig. Ct. N.Y. City Mar. 6, 2018). We assume the parties' familiarity with the underlying facts and procedural history. For the following reasons, we deny Sherpa's petition for review.

\* \* \*

We have reviewed the decisions of both the BIA and the IJ. *Wangchuck v. Dep't of Homeland Sec., Immigr. & Customs Enf't*, 448 F.3d 524, 528 (2d Cir. 2006) (quoting *Secaida-Rosales v. INS*, 331 F.3d 297, 305 (2d Cir. 2003)) ("When the BIA briefly affirms the decision of an IJ and 'adopt[s] the IJ's reasoning in doing so,' we review the IJ's and the BIA's decisions together."). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B). "We review *de novo* questions of law and the application of law to fact." *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). We review factual findings, including adverse credibility findings, according to the substantial evidence standard, which requires "reasonable, substantial and probative evidence in the record when considered as a whole." *Id.* (quoting *Kone v. Holder*, 596 F.3d 141, 146 (2d Cir. 2010)); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) ("We defer . . . to an IJ's credibility determination unless, from the totality

2

of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling."). "Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the . . . consistency between the applicant's . . . written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii).

We conclude that substantial evidence supports the agency's adverse credibility determination. First, the agency reasonably relied on discrepancies between Sherpa's testimony, written statement, and interview.[1] As the IJ found, Sherpa did not mention the 2012 beating at his interview, nor did he mention his 2002 abduction in his application or on direct examination at his hearing. He also made inconsistent statements about whether he returned to Nepal in 2012, after he had been living in Qatar. The IJ did not err in relying on these inconsistencies and omissions. *See Xiu Xia Lin*, 534 F.3d at 166–67; *see also Hong Fei Gao*, 891 F.3d at 78–79 ("In the immigration context, in assessing the probative value of the omission of certain facts, an IJ should consider whether those facts are ones that a credible petitioner would reasonably have been expected to disclose under the relevant circumstances."); *cf. Singh v. Garland*, 6 F.4th 418, 428 (2d Cir. 2021) ("Omissions are undoubtedly probative of untruthfulness in circumstances where

---

[1] Contrary to Sherpa's assertions, the agency did not err in relying on the interview record. *See Ming Zhang v. Holder*, 585 F.3d 715, 725 (2d Cir. 2009) ("Where the record of a credible fear interview displays the hallmarks of reliability, it appropriately can be considered in assessing an alien's credibility."). The interview was memorialized through a typewritten list of questions and answers and conducted through an interpreter that Sherpa confirmed he could understand. The interviewer also explained the purpose of the interview and informed Sherpa that he could seek clarification of any questions.

the omission renders what is stated untrue or deceitful, but not necessarily so where the omission constitutes nothing more than non-inclusion of an inessential fact."). The agency was not required to accept Sherpa's explanations that the alleged harm happened a long time ago, that he may have made mistakes in his written statement, and that he was not able to express himself fully at his credible fear interview. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).[2]

Second, Sherpa did not rehabilitate his credibility with reliable corroboration. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). The agency reasonably afforded minimal weight to the supporting letters that Sherpa provided, as the authors were not available for cross-examination and some of the letters were from interested witnesses. *See Y.C. v. Holder*, 741 F.3d 324, 332, 334 (2d Cir. 2013) (upholding the BIA's decision to afford little weight to a letter from the applicant's spouse on the principle that "[w]e generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence"); *Matter of H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010) (finding letters from relatives and friends did not provide substantial support for applicant's claim where the

---

[2] Sherpa also argues that the IJ ignored evidence establishing his membership in the Nepali Congress Party, but there is no indication that the IJ overlooked this evidence and, in any event, such evidence would not resolve the discrepancies in the record. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 336 n.17 (2d Cir. 2006) ("[W]e presume that an IJ has taken into account all of the evidence before him, unless the record compellingly suggests otherwise.").

authors were "interested witnesses who were not subject to cross-examination"), *overruled on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130, 133–38 (2d Cir. 2012).

Accordingly, given the inconsistencies in and omissions from Sherpa's written and oral statements, as well as the lack of reliable corroboration, we conclude that substantial evidence supports the IJ's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. This determination is dispositive as to all forms of relief that Sherpa seeks on appeal, given that they are all based on the same discredited factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

\*     \*     \*

For the foregoing reasons, the petition for review is **DENIED**. All pending motions and applications are **DENIED** and stays **VACATED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5